UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PROGRESSIVE PLASTICS, INC.,** | ) | **Case No. 1:07 CV 47** |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **NAT'L LIQUID PACKAGING, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Liquid Packaging, LLC's Motion to Transfer Venue ("Motion") (**ECF No. 5**). The Motion is joined by Defendant National Liquid Packaging, LLC.[1] Defendants ask the Court to transfer venue to the United States District Court for the Northern District of Illinois for the convenience of the witnesses and parties, under 28 U.S.C. § 1404(a). For the following reasons, the Motion is **DENIED**.

**I.**

Plaintiff Progressive Plastics, Inc., a Cleveland, Ohio corporation, originally filed this collection action against Defendants in the Cuyahoga County Court of Common Pleas. *See ECF No. 1* at 2; *ECF No. 1, Ex. A* ("Compl.") ¶ 1. Progressive Plastics alleges that Defendant National Liquid Packaging, an Indiana company, ordered plastic bottles from Progressive Plastics, to be filled with Turtle Wax car wax products. *Compl*. ¶¶ 4, 6. Progressive Plastics

---

[1]*See ECF No. 12 and 2/20/07 non-document entry.*

began shipping bottles to National Liquid Packaging in the first half of 2006, and began invoicing National Liquid Packaging in June, 2006. *Id.* According to the Complaint, National Liquid Packaging owes Progressive Plastics $131,178.81 for bottles shipped between June 6 through September 6, 2006. *Id.* ¶ 9 and Ex. A. Progressive Plastics further alleges that Defendant Liquid Packaging, LLC, a Chicago, Illinois corporation, is the successor to, or the alter ego of, National Liquid Packaging, and is therefore liable for the debt owed to Plaintiff. *Id.* ¶ 17.

Liquid Packaging removed the case to this district court on diversity grounds, and subsequently moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Northern District of Illinois. *ECF No. 5.* National Liquid Packaging joined in the motion, which Plaintiff opposed. *Respectively, ECF Nos. 12, 11 ("Pl's. Opp'n").*

**II.**

28 U.S.C. § 1404(a) provides, in pertinent part:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Id.* The purpose of § 1404(a) is "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The district court has broad discretion in deciding whether or not to grant a motion to transfer under § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (inner quotation and citation omitted). The factors relevant in deciding such a motion are: (1) convenience of the parties, (2) convenience of the witnesses, (3) the interests of justice, and (4) whether the civil action might have been brought in the district to which the movant requests a transfer. *Central*

*States, Southeast & Southwest Areas Health and Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F.Supp.2d 1008, 1011 (N.D. Ohio 1998). The burden of demonstrating that a transfer is appropriate under § 1404(a) is on the moving party. *Id*. When considering a § 1404(a) motion, great weight is given to the plaintiff's selection of forum. *Mead Corp. v. Boldt Constr. Co.*, 508 F.Supp. 193 (S.D. Ohio 1981).

### III.

After reading the parties' submissions, the Court denies the Motion. It is undisputed that this action may have been properly venued in Ohio, Indiana or Illinois. *Pl's. Opp'n* at 4. In terms of location of witnesses, documents, and parties, Ohio is more convenient for Plaintiff, and Chicago is more convenient for Defendants. Defendants argue that "the parties' only connection to this forum is that Plaintiff and its attorney are located here; . . ." *Motion* 6. That is not true. As this is a collection case, the alleged harm was caused in this District. Moreover, all parties have Cleveland, Ohio counsel, and Chicago is relatively close to Cleveland, and an easy commute. Since there is no significant overall difference between Cleveland and Chicago, and because I must give great weight to Plaintiff's forum of selection, I conclude that Defendants have failed to carry their burden of demonstrating that a § 1404(a) transfer is appropriate.

### IV.

Accordingly, Defendant Liquid Packaging, LLC's Motion to Transfer Venue, joined by Defendant National Liquid Packaging, LLC, (**ECF No. 5**) is hereby **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　*/s/Dan Aaron Polster     February 21, 2007*
　　　　　　　　　　　　　　　　　　　　**Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**